Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000067
12-APR-2018
08:02 AM

NO. CAAP-17-0000067

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HAWAII HEALTH SYSTEMS CORPORATION,
STATE OF HAWAII, Appellant-Appellee, v.
UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO,
Union-Appellee-Appellant, and
HAWAII LABOR RELATIONS BOARD, Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 16-1-2163)

SUMMARY DISPOSITION ORDER
(By: Fujise, Acting Chief Judge, Leonard and Chan, JJ.)

Union Complainant-Appellee-Appellant United Public
Workers, AFSCME, Local 646, AFL-CIO (**UPW**) appeals from the
February 7, 2017 Order Granting Appellant Hawaii Health System
Corporation's Motion for Partial Stay of Enforcement of Hawaii
Labor Relations Board Order No. 3199, Dated Oct. 28, 2016 (Filed
on Dec. 2, 2016) (**Order Granting Partial Stay**), entered in the
Circuit Court of the First Circuit.[1]

On July 25, 2016, UPW filed a Prohibited Practice
Complaint (**Complaint**) with Appellee Hawai'i Labor Relations Board

---

[1] The Honorable Rhonda A. Nishimura presided.

(HLRB), which alleged, *inter alia*, that Employer Respondent-Appellant-Appellee Hawai'i Health Systems Corporation (**HHSC**) committed prohibited practices by failing to negotiate regarding a change in smoking policies at its facilities.

On August 22, 2016, UPW filed a motion for summary judgment (**MSJ**). The HLRB granted the MSJ in part, and denied it in part, in Order No. 3199: Order Denying Hawaii Health Systems Corporation's Motion to Dismiss; and Granting, in Part, and Denying, in Part, United Public Workers, AFSCME, Local 646, AFL-CIO's Motion for Summary Judgment (**Order No. 3199**).

On November 28, 2016, HHSC appealed to the Circuit Court. On December 2, 2016, HHSC moved for partial stay of Order No. 3199, pending the outcome of the appeal. On February 7, 2017, the Circuit Court issued its Order Granting Partial Stay.

On March 16, 2017, UPW commenced this secondary appeal, challenging the Order Granting Partial Stay.

The Circuit Court later vacated the Order Granting Partial Stay, on August 4, 2017. This appeal, however, remains.

UPW raises four points of error, contending that the Circuit Court erred when it: (1) determined that Hawaii Revised Statutes (**HRS**) chapter 380 did not apply because the issue was not a "labor dispute" but rather a statutory dispute; (2) granted the partial stay without complying with the requirements of HRS chapter 380; (3) determined that HHSC was likely to prevail on the merits despite the presumptive validity of Order No. 3199; and (4) determined that HHSC was likely to prevail on the merits despite conflicting authority.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve UPW's points of error as follows:

(1) We first address HHSC's argument that this court does not have appellate jurisdiction because this appeal is interlocutory and was not made in compliance with Hawaiʻi Rules of Civil Procedure (HRCP) Rule 54(b)[2] and HRS § 641-1(b) (2016).[3]

UPW argues that this appeal lies as of right, pursuant to HRS § 380-10 (2015).[4] HRS § 380-10 states that "[w]henever

---

[2] HRCP 54(b) provides in relevant part:

(b) *Judgment upon multiple claims or involving multiple parties.* When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

[3] HRS § 641-1(b) provides in relevant part:

**§641-1 Appeals as of right or interlocutory, civil matters.**
. . .
(b) Upon application made within the time provided by the rules of court, an appeal in a civil matter may be allowed by a circuit court in its discretion from an order denying a motion to dismiss or from any interlocutory judgment, order, or decree whenever the circuit court may think the same advisable for the speedy termination of litigation before it. The refusal of the circuit court to allow an appeal from an interlocutory judgment, order, or decree shall not be reviewable by any other court.

[4] HRS § 380-10 provides in relevant part:

**§380-10 Appeal.** Whenever any court of the State issues or denies any temporary injunction in a case involving or growing out of a labor dispute, an appeal shall lie as of right, subject to chapter 602, in the manner
(continued...)

any court of the State issues or denies any temporary injunction in a case involving or growing out of a labor dispute, an appeal shall lie as of right[.]" (Emphasis added). Accordingly, we consider (1) whether the "involves or grows out of" requirement is met, and (2) whether the "labor dispute" requirement is met. See HRS § 380-10. If this case involves or grows out of a labor dispute, then UPW's appeal lies "as of right," and this court has appellate jurisdiction. See id.

A case "involves or grows out of" a labor dispute when "the case involves persons . . . who are members of . . . an affiliated organization of employers or employees; whether the dispute is (A) between one or more employers or associations of employers and one or more employees or associations of employees[.]" HRS § 380-13(1) (2015). Here, the UPW is an affiliated organization of employees, and the dispute is between the employer, HHSC, and the association of employees, UPW. Therefore, the requirement that the case "involves or grows out of" a labor dispute has been met.

We note that the Circuit Court determined that the situation did not involve a labor dispute, stating that "it does not appear to the court that this is a controversy arising out of a labor dispute such as there's picketing, or there's an ongoing labor dispute." Nevertheless, the term "labor dispute" includes "any controversy concerning terms or conditions of employment[.]" HRS § 380-13(3). Therefore, we analyze (a) whether what occurred

---

[4] (...continued)
provided for civil appeals from the circuit courts, notwithstanding any provision of section 641-1.

4

constituted "any controversy," and (b) whether smoking is a condition of employment.[5] See id.

Although few cases explicitly address the "any controversy" requirement by itself, it appears that the requirement is satisfied in a broad range of labor disputes, not only where there is picketing or a strike. In AT&T Broadband, LLC v. Int'l Bhd. of Elec. Workers, the United States Court of Appeals of the Seventh Circuit held that a failure to negotiate in good faith constituted a labor dispute. 317 F.3d 758, 759-61 (7th Cir. 2003). Other courts using similar statutes have held that labor disputes existed although no strike activity occurred, where a disagreement led to litigation. See, e.g., Milwaukee Bd. of Sch. Directors v. Wis. Emp't Relations Comm'n, 472 N.W.2d 553, 557 (Wis. Ct. App. 1991); Marine Transp. Lines, Inc. v. Int'l Org. of Masters, Mates & Pilots, 770 F.2d 1526, 1529-30 (11th Cir. 1985). In Univ. of Hawai'i Prof'l Assembly v. Tomasu, the Hawai'i Supreme Court reviewed a dispute in which the parties disagreed over whether the implementation of a statutory requirement was a subject of mandatory bargaining. 79 Hawai'i 154, 156, 900 P.2d 161, 163 (1995). The supreme court called this situation a "labor dispute," although no picketing or strike activity took place. Id. at 155, 900 P.2d at 162.

Here, the situation is similar to that in Tomasu. Id. This litigation arose from a disagreement over whether the implementation of a statutory requirement was a mandatory subject

---

[5] We give the word "concerning" in HRS § 380-13(3) its common meaning.

of bargaining. Accordingly, even though no picketing or strike activity took place, we conclude that the "any controversy" requirement was satisfied. Id.

Tobacco use is generally construed to be a condition of employment. See Borough of Ellwood City v. Penn. Labor Relations Bd., 998 A.2d 589, 599 (Pa. 2010) ("employee tobacco use at his or her place of employment is germane to the employee's work environment; thus, it is properly described as a working condition"); Alberts, Inc., 213 NLRB 686, 692-93 (1974) (deeming a change in a smoking policy to have been a unilateral change in working conditions).

Here, as the controversy surrounds HHSC's changes to its smoking policy, we conclude that it concerns the "condition of employment" of HHSC's employees being able to smoke on HHSC's premises. See HRS § 380-13.

Because both the "any controversy" and "condition of employment" requirements were met, we further conclude that the "labor dispute" requirement was met and this court has appellate jurisdiction pursuant to HRS § 380-10.

(2) Next, we consider whether this appeal is moot because, on August 4, 2017, after this appeal was commenced, the Circuit Court issued an order vacating partial stay, in which it stated: "Accordingly, the February 7, 2017 [Order Granting Partial Stay] is hereby vacated." UPW contends that the appeal is not moot and that, even if it would otherwise be considered moot, an exception to the mootness doctrine applies.

> The mootness doctrine is said to encompass the circumstances that destroy the justiciability of a suit previously suitable for determination. Put another way, the suit must remain alive throughout the course of litigation to the moment of final appellate disposition. Its chief purpose is to assure that the adversary system, once set in operation, remains properly fueled. The doctrine seems appropriate where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal—adverse interest and effective remedy—have been compromised.

Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 5, 193 P.3d 839, 843 (2008) (citations omitted).

Here, the Circuit Court vacated the order being appealed. Therefore, no adverse interest or effective remedy exists. See id. As to its first and second points of error,[6] UPW argues that the issue of the applicability of HRS chapter 380 is not moot, because the case, which was remanded to HLRB, is subject to another possible appeal, and HHSC could request future similar injunctions. However, the time to appeal HLRB's further order, Order No. 3288, has passed.[7] Therefore, we are not

_____

[6] The issue of whether HRS § 380-1 barred an injunction underlies UPW's first and second points of error.

[7] On August 21, 2017, the HLRB entered Order No. 3288: Order Amending Board Order No. 3199 by Responding to Questions Posed by the Circuit Court on Remand, and Denying the UPW's Motion to Set Briefing Schedule to Address Remanded Issues (**Order No. 3288**). With respect to the Circuit Court's question regarding whether HHSC had a duty to negotiate with UPW "as to the implementation and/or enforcement of Act 25," the HLRB responded:

> The Board clarifies that Act 25 does not bar effects bargaining. It is a fundamental principle of collective bargaining that although an employer is not required to bargain over certain business decisions, the employer may nevertheless have a duty to bargain about the effects of the decision on its employees. . . .

> Here, Act 25 prohibits tobacco and electronic smoking use, and thus the *decision* to prohibit tobacco and electronic smoking use is not negotiable; Act 25 provides that "[p]ursuant to section 89-9(d), the tobacco and electronic smoking device *prohibitions* under this section shall not be subject to collective bargaining" (emphasis added). **However, Act 25 does not prohibit bargaining over the effects of that law** on wages, hours, or other terms or

(continued...)

persuaded by UPW's argument. This appeal is moot unless it is saved by an exception.

Regarding one such exception to the mootness doctrine, the supreme court has stated:

> "When analyzing the public interest exception, [this court] look[s] to (1) the public or private nature of the question presented, (2) the desirability of an authoritative determination for future guidance of public officers, and (3) the likelihood of future recurrence of the question."

Lethem, 119 Hawai'i at 6-7, 193 P.3d at 844-45 (quoting Doe v. Doe, 116 Hawai'i 323, 327, 172 P.3d 1067, 1071 (2007)).

Here, as to UPW's first two points of error, the issue of the applicability of HRS chapter 380 falls within these parameters. First, the issue potentially affects a "significant number" of people. See id., 119 Hawai'i at 7, 193 P.3d at 845. That is, whenever the Hawai'i Legislature passes a law that affects unionized employees, and if one or more public employers move for temporary injunctive relief related to the legislation, the issue of whether HRS chapter 380 applies could affect a large number of public employees, as well as members of the public that are served by the public employees. As to the second and third factors, it would be desirable to obtain guidance for public officers because it is likely that the Legislature will pass another law affecting State employees, and a similar dispute is likely to arise. See Lethem, 119 Hawai'i at 6-7, 193 P.3d at 844-45 (citation omitted). For these reasons, UPW's first and

---

[7](...continued)
conditions of employment, and the wilfull failure to engage in good faith effects bargaining may constitute a prohibited practice.

(Emphasis added).

8

second points of error fall within the public interest exception to the mootness doctrine. See id.

UPW's third and fourth points of error allege that the Circuit Court erred in determining that HHSC was likely to prevail on the merits, in conjunction with its ruling on the partial stay. The question of which party will prevail on the merits will be resolved in due course, with the disposition of the merits of this case. These questions would be more appropriately considered in conjunction with an appeal from a final order or judgment, if any, and it is not desirable to review them prior to the final disposition by the trial court.

For these reasons, UPW's first and second points of error are justiciable, but the third and fourth points are not.

(3) In its first point of error, UPW contends that the Circuit Court erred in determining that the appeal did not involve a "labor dispute" pursuant to HRS chapter 380.[8] HHSC argues in response that the dispute at hand is a statutory dispute, rather than a labor dispute, which it argues would involve a strike or similar activity. As discussed above, we conclude that the instant appeal involves a labor dispute, and therefore, HRS chapter 380 applies. For this reason, we are "left with the definite and firm conviction that a mistake has been committed" and we hold that the Circuit Court erred when it determined that the case did not involve a labor dispute. Chun

---

[8] Apart from appellate jurisdiction, the issue of whether a "labor dispute" was involved is significant because HRS chapter 380 limits the Circuit Court's jurisdiction to issue injunctive relief in cases involving "labor disputes," except in strict conformity with the requirements of HRS chapter 380. See HRS § 380-1.

v. Bd. of Trustees of Employees' Ret. Sys. Of State of Hawai'i,

416 106 Hawai'i 416, 430, 106 P.3d 339, 353 (citations omitted).

(4) UPW primarily contends that the Circuit Court

failed to comply with, *inter alia*, HRS § 380-7 (2015) before

granting the partial stay.[9] HHSC contends that the Circuit Court

had the authority to issue the partial stay pursuant to HRS § 91-

14(c) (2012) and HRS § 377-9(h) (2015).

> Generally, Hawai'i's Norris-LaGuardia Act limits the
> jurisdiction of the State courts to grant injunctive relief
> in a "labor dispute" absent compliance with procedural
> safeguards, including, *inter alia*, requirements with respect
> to notice, hearing and findings of fact by the court.

McCabe Hamilton & Renny Co., Ltd. v. Chung, 98 Hawai'i 107,

112-13, 43 P.3d 244, 249-50 (App. 2002) (citing HRS §§ 380-1

(1993) and 380-7 (1993)).

HRS § 380-1 (2015) provides that a court may not issue

an injunction in cases "involving or growing out of a labor

dispute" except "in strict conformity with [HRS chapter 380]."

HRS § 380-7 requires that prior to issuing an injunction, the

court must hear "the testimony of witnesses" with "opportunity

for cross examination" and that it must also find:

> (1) That unlawful acts have been threatened and will be
> committed unless restrained or have been committed and
> will be continued unless restrained . . . .
> (2) That substantial and irreparable injury to
> complainant's property will follow;
> (3) That as to each item of relief granted greater injury
> will be inflicted upon complainant by the denial of
> relief than will be inflicted upon defendants by the
> granting of relief;
> (4) That complainant has no adequate remedy at law; and
> (5) That the public officers charged with the duty to protect
> complainant's property are unable or unwilling to furnish
> adequate protection.

---

[9] UPW also argues that the Circuit Court failed to follow HRS § 380-9, but it does not appear that UPW made any arguments to the Circuit Court regarding HRS § 380-9. This argument is therefore waived. See Hawai'i Rules of Appellate Procedure Rule 28(b)(4)(b).

HRS § 380-7.  HRS § 380-7 further requires, *inter alia*, that "complainant shall first file an undertaking with adequate security in an amount to be fixed by the court[.]"

Here, although the Circuit Court held a hearing on January 12, 2017, it did not allow for the testimony and cross examination of witnesses.  Nor did make the necessary findings, nor require HHSC to post a bond.  We also note that certain types of cases listed in HRS § 380-14 (2015 & Supp. 2017)[10] are exempt from the requirements of HRS chapter 380.  However, we agree with UPW that these are inapplicable because these exceptions apply to petitions for injunctive relief filed by the HLRB.  See HRS § 380-14.

Finally, we recognize that HRS § 377-9 and HRS chapter 380 might, at first blush, appear not to be in complete harmony here.  HRS § 377-9(h) states that the "reviewing court may order a stay upon such terms as it deems proper."  HRS § 380-1 states:

> No court of the State shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in strict conformity with this chapter . . .

However, when HRS chapter 380 was enacted, both the Senate and the House stated in their Standing Committee Reports:

---

[10]    HRS § 380-14 provides in relevant part:

> **§380-14 Proceedings arising under employment relations act; court jurisdiction over.**  (a) When granting appropriate temporary relief or a restraining order . . . as provided in this section, the jurisdiction of courts sitting in equity shall not be limited by this chapter.
> (b)    The board shall have power. . . to petition any circuit court of the State . . . for appropriate temporary relief or restraining order. . . .
> (c)    . . . If, after the investigation, the board has reasonable cause to believe the charge is true, it shall petition any circuit court of the State . . . for appropriate injunctive relief pending the final adjudication of the board with respect to such matter.

"It should be pointed out that this bill [if] enacted will not be in conflict with [HRS chapter 377]." S. Stand. Comm. Rep. No. 709, in 1963 Senate Journal, at 909-10; H. Stand. Comm. Rep. No. 989, in 1963 House Journal, at 857. Therefore, it was not the intention of the Senate or the House that HRS chapter 380 override the court's jurisdiction to issue a stay of an HLRB order pursuant to HRS § 377-9(h). We conclude that it is possible to give effect to both statutes because a circuit court would have jurisdiction to grant a stay under HRS § 377-9(h), so long as it complied with the requirements of HRS chapter 380, and therefore no conflict exists. See State v. Schnabel, 127 Hawai'i 432, 448, 279 P.3d 1237, 1253 (2012) (citation omitted).

Therefore, having determined that (1) this case involves or grows out of a labor dispute, and (2) the Circuit Court failed to comply with the requirements of HRS § 380-7, we conclude that the Circuit Court erred when it entered the February 7, 2017 Order Granting Partial Stay.[11]

DATED: Honolulu, Hawai'i, April 12, 2018.

On the briefs:

Herbert R. Takahashi,
Rebecca L. Covert,
(Takahashi and Covert),
for Union-Appellee-Appellant.

Darin R. Leong,
Eileen C. Zorc,
(Marr Jones & Wang),
for Appellant-Appellee.

Acting Chief Judge

Associate Judge

Associate Judge

---

[11] UPW also argues that the Circuit Court did not comply with HRS §§ 380-8 or 380-2. However, having held that the Circuit Court did not comply with HRS § 380-7, we need not reach these arguments.